IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL NO. 1:07cr104WJG

WALLACE HAYNES, III

O R D E R

THIS CAUSE is before the Court on the motion [23] of Defendant Wallace Haynes, III, for an extension of time to file an out of time appeal. Following the Court's acceptance of his plea of guilty to Count 1, possession of a controlled substance with intent to distribute less than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), Haynes was sentenced on March 12, 2008, to 127 months in the custody of the Bureau of Prisons, to be followed by 3 years of supervised release, a $7,500 fine and a $100 mandatory special assessment. ( Ct. R., Docs. 17 & 18.) The remaining nine counts were dismissed on motion of the United States. (*Id*.)

According to Haynes, he was advised at sentencing that he had the right to appeal the sentence. (Ct. R., Doc. 23, p. 2.) He claims that he and his family contacted his attorney, Donald J. Rafferty, about filing an appeal and inquired about the length of the process. (*Id*.) Haynes asserts that Rafferty never filed the requested appeal, and now Haynes seeks permission to file an out-of-time appeal. (*Id*., pp. 2-3.)

Rafferty submitted his affidavit in response to the motion in which he avers that he had represented Haynes' in this cause as well as on other occasions prior to his representation of Hayes in this matter; he was familiar with this case against Haynes and further represented him on state charges associated with the charges in this case. Rafferty goes on to explain in his affidavit he had reviewed Haynes' file and Haynes motion; he has never had any conversations with Haynes or his family regarding an appeal or the length of time necessary to perfect such an

appeal; and he has attempted and is still attempting to have a state felon charge against Haynes dismissed, in which endeavor Rafferty had not been successful as of the date of filing of his affidavit. (Ct. R., Doc. 24.) Rafferty states that did not tell Haynes or his family that he would file an appeal on Haynes' behalf, nor did he tell Haynes or his family that there were any appealable issues in the case. (*Id*.) Rafferty further states that he reviewed the Plea Agreement with Haynes, and advised him of the effects of the Plea Agreement. (*Id*., p. 2.) Rafferty avers that he also advised Haynes of the minimum and maximum penalty and that the Plea Agreement contained a waiver of his right to appeal the case. (*Id*.)

The ten-day limit for filing a notice of appeal in a criminal case is " 'mandatory and jurisdictional.' " *United States v. Coscarelli,* 149 F.3d 342, 343 (5th Cir. 1998) (quoting *United States v. Robinson,* 361 U.S. 220, 229 (1960)). Under Federal Rule of Appellate Procedure 4(b)(4), the district court may grant an additional 30 days in which to file a notice of appeal upon a showing of "excusable neglect" or "good cause." *United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir. 2000).

In this case, assuming that Haynes requested that an appeal be filed on his behalf and that the allegations regarding Rafferty's failure to follow through with the request are true, Haynes could have filed his own notice of intent to appeal as soon as he discovered that his attorney would not be filing an appeal on his behalf. Even so, any attempt to appeal the guilty plea would be futile, as evidenced by the waiver in the Plea Agreement.

The Supreme Court has held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Haynes does not contend that his plea of guilty was not knowingly and voluntarily entered. (Ct. R., Doc. 23.) Moreover, the Plea Agreement outlines the maximum sentence for the offense listed in Count 1 of the indictment filed against Haynes:

> 4.   Sentence.   Defendant understands that the penalty for the offense charged in Count 1 of the Indictment, charging a violation of Title 21, United States Code, Section 841(a)(1), is not more than 20 years imprisonment; a term of supervised release of at least 3 years, with a fine of up to $1,000,000.

(Ct. R., Doc. 17 ¶ 4.) In addition, Haynes expressly waived his right to file an appeal the conviction and sentence, or a motion pursuant to 28 U.S.C. § 2255 within the Plea Agreement, among other rights waived in the agreement. (Ct. R. Doc. 17, ¶ 15.) Haynes' signature affirms that the Plea Agreement constitutes the complete agreement between the parties and that the terms of the plea agreement were read by or to him, explained to him by his attorney, that he understood the terms, voluntarily accepted them, and agreed to them. (*Id.*, ¶ 17.)

As previously stated herein, a defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. *United States v. Robinson,* 187 F.3d 516, 517 (5th Cir. 1999). Here, Haynes does not allege, and there is no indication in the record, that his ratification of the Plea Agreement was anything but voluntary. During the plea colloquy, Haynes indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary. Further, the language in the Plea Agreement makes clear that Haynes voluntarily and knowingly waived this argument. *See United States v. Bond*, 414 F.3d 542, 545-6 (5th Cir. 2005).

In the event Haynes is attempting to make a claim of ineffective assistance of counsel, that argument only survives a waiver of appeal when the claimed assistance directly affected the validity of that waiver or the plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Those circumstances are not present in this case.

The Court finds no grounds for allowing an out of time appeal in this case, and further concludes that Haynes' waiver of appeal forecloses any claimed right to an out of time appeal. The Court, therefore, concludes that the motion for time should be denied. It is,

ORDERED AND ADJUDGED that the motion [23] of Defendant Wallace Haynes, III, for an extension of time [23] to file an out of time appeal be, and is hereby, denied.

SO ORDERED AND ADJUDGED, this the 12th day of February, 2010.

                                        *Walter J. Gex III*
                            UNITED STATES SENIOR DISTRICT JUDGE